# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

In re:                                                      Case No. 10-10491
                                                            Chapter 13
DANIEL W. GARNER,

    Debtor.

## MEMORANDUM OPINION

Before the court is First United Security Bank's (hereinafter "Bank") objection to confirmation of the debtor's plan (Doc. #18). At issue is the amount of interest at which the Bank's secured claim must be paid under the debtor's plan. Upon consideration of the undisputed facts and of the law, the court finds that the Bank's objection to plan confirmation must be sustained in part and overruled in part.

### Jurisdiction

The court's jurisdiction in this dispute is derived from 28 U.S.C. § 1334 and from an order of the United States District Court for this district wherein that court's jurisdiction in title 11 matters was referred to the Bankruptcy Court. *See* General Order of Reference of Bankruptcy Matters (M.D. Ala. Apr. 23, 1985). Further, because plan confirmation is at issue here, this court's jurisdiction is extended to the entry of a final order or judgment pursuant to 28 U.S.C. § 157(b)(2)(L).

### Undisputed Facts

In December 2008, the debtor borrowed $33,848.14 from the Bank. As collateral for the loan, the Bank was provided a security interest in a 2000 International tractor truck, a 1998 Western Star tractor, a 1978 Great Dane trailer, a 2006 Yamaha ATV, a 1990 Dorsey trailer, and a 1992 Cadillac DeVille. The note was to be paid over a 30-month term and bore interest of 10.5% per annum.

The debtor filed this chapter 13 petition for relief on March 19, 2010. His chapter 13 plan (Doc. # 22) values the collateral securing the Bank's claim at $33,300 and lists the outstanding debt to the Bank, as of the date of bankruptcy, at $26,849.10. Further, the plan provides for the full payment of the Bank's claim with interest at the rate of 4.25% per annum.

Legal Conclusions

The Bank contends that because its claim is oversecured, the debtor must pay interest on its claim at the 10.5% contract rate. In support of that contention, the Bank points to Section 506 of the Bankruptcy Code:

> "(b) To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement or State statute under which such claim arose."

11 U.S.C. § 506(b).[1]

Under Section 506(b), oversecured creditors are entitled to post-petition interest at the contract rate. However, Section 1325(a)(5)(B)(ii) sets a defined cutoff of the accrual of contract interest at the "effective date of the plan." The Supreme Court has defined the effective date of the plan as the date of confirmation. *Rake v. Wade*, 508 U.S. 464, 471, 113 S.Ct. 2187, 2191, 124 L.Ed.2d 424 (1993) (quoting *U.S. v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989)). *See also Telfair v. First Union Mortgage* Corp., 216 F.3d 1333, 1338 (11th Cir. 2000) (quoting *Rake v. Wade* as cited above), (*In re Delta Resources, Inc.*, 54 F.3d 722, 729 (11th Cir. 1995) (oversecured creditor is to receive post-petition interest as part of its claim at confirmation."). Thus, an oversecured creditor is entitled to receive contract interest in a chapter 13 case from filing of the petition until the confirmation date, at which time the pre-confirmation interest becomes a part of the secured claim. *In re Milham*, 141 F.3d 420, 425 (2d Cir. 1998). In other words, the calculation of the amount of the secured claim is set at confirmation and includes accrued post-petition contract interest through the date of confirmation.

The court now turns to the post-confirmation interest rate due an oversecured creditor. Post-confirmation interest is a "function of the present value requirement

---

[1] The Bank also cites this court to Section 1325(a)(4). That section of the Code, often referred to as the "best interest test," applies, however, to payment of unsecured claims only. The subsection, in this court's view, has no bearing on the issue in dispute here; namely, what is the appropriate interest rate that must be paid to an oversecured creditor under a chapter 13 plan.

of the cram-down provision" of Section 1325(a)(5)(B)(ii).[2] *See also Milham,* 141 F.3d at 424. The plan must then provide post-confirmation for payment of the present value of the claim. *Id.* at 425. The present value interest rate is calculated at prime plus the risk factor of 1% to 3% over prime. *Till v. SCS Credit Corp.*, 541 U.S. 465, 124 S.Ct. 1951, 158 L.Ed.2d 787 (2004). Here, the Bank has not contested that amount of the *Till* rate proposed by the debtor.

The court agrees with holding of the *Milham* court. Pre-filing and post-petition interest accrues at the contract rate until the effective date of the plan, i.e. confirmation, at which time the amount of the oversecured claim is established and includes the contract interest figure. Then interest accrues post-confirmation at the present value rate, i.e. *Till* rate. Thus, this court finds that the Bank's claim shall include the contract interest rate of 10.5% from petition date until the date that the debtor's case is confirmed, then the post-confirmation rate shall be the present value or *Till* rate of 4.25%.

Conclusion

For the foregoing reasons, a separate order will enter overruling the Bank's objection to confirmation in part and sustaining in part. That order will further provide that the debtors' chapter 13 case will be dismissed unless he files an amended plan which is consonant with this memorandum opinion within twenty-one days.

DONE this 27th day of July, 2010

/s/ DWIGHT H. WILLIAMS, JR.
United States Bankruptcy Judge

cc: Debtor
Michael Brock, Counsel for Debtor
Robert P. Reynolds, Counsel for Bank
Robert D. Reynolds, Counsel for Bank
Curtis C. Reding, Trustee

---

[2]"(a) Except as provided in subsection (b), the court shall confirm a plan if ... (5) with respect to each allowed secured claim provided for by the plan ... (B)(ii) the value, *as of the date of the plan*, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; ..." (emphasis added) 11 U.S.C. § 1325(a)(5)(B)(ii).