IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

FIRST UNITED SECURITY BANK,          )
                                     )
            Appellant,               )     CASE NO. 1:10-CV-795-WKW [WO]
                                     )
      v.                             )
                                     )
DANIEL W. GARNER, SR. *et al.*,      )
                                     )
            Appellees.               )

## MEMORANDUM OPINION AND ORDER

This cause is before the court on First United Security Bank's ("First United") appeal of the United States Bankruptcy Court for the Middle District of Alabama's order overruling in part First United's objection to confirmation of the Chapter 13 bankruptcy plan of Daniel W. Garner, Sr. ("Mr. Garner" or "Debtor"). The issue presented is the amount of interest First United is entitled to receive on its secured claim under Mr. Garner's plan. Having considered the parties' briefs, the relevant law and the record as designated, the court finds that the bankruptcy court's opinion and order overruling First United's objection in part and sustaining it in part is due to be affirmed.

## I. JURISDICTION

This is a core proceeding over which appellate jurisdiction is exercised. *See* 28 U.S.C. § 158(a) (granting district courts jurisdiction to hear appeals "from final judgments, orders, and decrees . . . of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title"). Venue is proper because an appeal "shall

be taken only to the district court for the judicial district in which the bankruptcy judge is serving." *Id.*

## II.  STANDARD OF REVIEW

"Factual findings by the bankruptcy court are reviewed under the limited and deferential clearly erroneous standard." *In re Club Assocs.*, 951 F.2d 1223, 1228 (11th Cir. 1992).  In contrast to the deference given to factual findings, the district court examines the bankruptcy court's legal conclusions *de novo*.  *In re Celotex Corp.*, 613 F.3d 1318, 1322 (11th Cir. 2010); *see also* Fed. R. Bankr. P. 8013.

## III.  FACTUAL AND PROCEDURAL BACKGROUND

In December 2008, Mr. Garner borrowed $33,848.14 from First United and signed a promissory note, which was to be repaid over a thirty-month term and which bore interest of 10.5% per annum.  As collateral for the loan, First United was provided, pursuant to a security agreement, a security interest in a 2000 International tractor truck, a 1998 Western Star tractor, a 1978 Great Dane trailer, a 2006 Yamaha ATV, a 1990 Dorsey trailer, and a 1992 Cadillac DeVille.

First United's decision to secure the loan proved itself a wise one, as Mr. Garner petitioned for Chapter 13 relief on March 19, 2010.  Mr. Garner's Chapter 13 plan values the above-mentioned collateral at $33,300 and lists the outstanding debt to First United, as of the date of bankruptcy, at $26,849.10.  Neither party disputes that First United's loan is over-secured.  (Appellant's Br. 2 (Doc. # 9); Appellee's Br. 4 (Doc. # 14).)  The plan provides for full payment of First United's claim with interest at the rate of 4.25% per annum.  First

2

United objected to the plan on the grounds that it was entitled to the contract interest rate of 10.5%. The bankruptcy court sustained in part and overruled in part the objection, finding that First United was entitled to post-petition interest at the contract rate, but was only entitled to post-confirmation interest at the "prime-plus" rate. *See Till v. SCS Credit Corp.*, 541 U.S. 465 (2004). This timely appeal followed.

## IV. DISCUSSION

First United's appeal presents the "single issue of [w]hether an oversecured creditor in a Chapter 13 bankruptcy proceeding is entitled, as a matter of law, to receive its contract rate of interest upon its claim following confirmation of a plan . . . ." (Statement of Issue on Appeal (Doc. # 2, Attach 1).)

First United argues that, as an oversecured creditor, it is entitled, under § 506(b) of the Bankruptcy Code, to post-confirmation interest at the contractual rate of 10.5%. Section 506(b) provides:

> (b) To the extent that an allowed secured claim is secured by property the value of which . . . is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement or State statute under which the claim arose.

11 U.S.C. § 506(b).[1]

The bankruptcy court agreed with First United to the extent that § 506(b) entitles over-secured creditors to *post-petition* interest at the contract rate. "However, Section

---

[1] First United describes § 506(b) as "one of the few remaining creditor-friendly provisions in the [Bankruptcy] Code." (Appellant's Br. 4.)

3

1325(a)(5)(B)(ii) sets a defined cutoff of the accrual of contract interest at the 'effective date of the plan.'" (Mem. Op. (Doc. # 2, Attach. 11)) (quoting § 1325(a)(5)(B)(ii)); *see also Rake v. Wade*, 508 U.S. 464, 471 (1993), *superseded by statute on other grounds* (synonymizing the effective date of the plan and the date of confirmation)).  Section 1325 states:

> (a) . . . [T]he court shall confirm a plan if . . . (5) with respect to each allowed secured claim provided for by the plan . . . (B)(ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim . . . .

> 11 U.S.C. § 1325(a)(5)(B)(ii).

This appeal concerns the interaction between these two Bankruptcy Code provisions. The Supreme Court has stated that "conflicting statutes should be interpreted so as to give effect to each." *Smith v. Robinson*, 468 U.S. 992, 1024 (1984), *superseded by statute on other grounds* (collecting cases).  Section 506(b), without any explicit qualification, tends to support an oversecured creditor's general right to interest based on the contractual rate. The "cram-down provision" of § 1325(a)(5)(B)(ii), on the other hand, allows a debtor's Chapter 13 plan to be confirmed by the bankruptcy court if the value of property to be distributed under the plan to each secured claimant, on the effective date of the plan, is not less than the allowed amount of such claim.  Thus, while § 506(b) generally allows an oversecured creditor to recover interest at the contractual rate, courts have held that this general rule must yield to the more context-specific rule elaborated in § 1325(a)(5)(B)(ii). *Countrywide Home Loans, Inc. v. Hoopai*, 581 F.3d 1090, 1100 (9th Cir. 2009) ("[W]e prefer an interpretation of section 506(b) that accommodates section 1325 and we believe one is

4

readily available . . . .  Section 506(b) thus defines the allowed claim of an oversecured creditor [but] treatment of that claim after confirmation is governed by Section 1325 . . . .") (quoting *In re Milham*, 141 F.3d 420, 423, 425 (2d Cir. 1998)); *see also Rake*, 508 U.S. at 471 (Interest accrues under section 506(b) "as part of the allowed claim from the petition date until the confirmation or effective date of the plan.").

As First Union candidly points out, the Eleventh Circuit has stated in *dicta* "that § 506(b) only applies to the post-petition, pre-confirmation period of a bankruptcy proceeding[.]"  (Appellant's Br. 8) (citing *Telfair v. First Union Mortg. Co.*, 215 F.3d 1333, 1338 (11th Cir. 2000)); *see also* 4 Collier on Bankruptcy ¶ 506.04[2] ("Section 506(b) . . . has no application to a secured creditor's entitlement to post-confirmation interest").

Finding the *dicta* from the Eleventh Circuit and the consonant decisions of its above-cited sister circuits persuasive, this court agrees with the bankruptcy court that § 506(b) does not entitle First United to post-confirmation interest at the contractual level.  Accordingly, the bankruptcy court's order is due to be affirmed.

## V.  CONCLUSION

For the foregoing reasons, it is ORDERED that the memorandum opinion and order of the bankruptcy court is AFFIRMED.

DONE this 11th day of January, 2011.

_____/s/ W.  Keith Watkins_____
UNITED STATES DISTRICT JUDGE